UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KIMBERLY STEWARD,**

        **Plaintiff,**

v.                                                 Case No: 6:22-cv-12-WWB-EJK

**SAGE SOFTWARE, INC.,**

        **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Compel Arbitration and to Dismiss ("the Motion"). (Doc. 14.) Therein, Defendant moves to compel arbitration of Plaintiff's claims and to dismiss this action. (*Id.*) Plaintiff, Kimberly Steward, responded in opposition on August 22, 2022. (Doc. 15.) The motion is now ripe for review. Upon consideration, I respectfully recommend that the Motion be denied.

**I.**     **BACKGROUND**

This case arises from Plaintiff's employment by Sage Software ("Sage"). (Doc. 1 ¶ 5.) In August 2015, Plaintiff, at the age of 43 years old, began working for Defendant as a curriculum developer. (*Id.* at 2). Plaintiff worked at Sage until February 2021, when she was terminated. (*Id.* ¶ 43). Plaintiff alleges mistreatment during her employment in violation of the Americans with Disabilities Act (the "ADA") and the Age Discrimination in Employment Act (the "ADEA"), as well as breach of contract and unjust enrichment. (*Id.*) On January 4, 2022, Plaintiff filed the complaint (*id.*),

followed by Defendant's answer on February 10, 2022. (Doc. 9.) A case management and scheduling order was entered on March 9, 2022. (Doc. 12.)

On August 8, 2022, Defendant filed the instant Motion. (Doc. 14.) Defendant alleges that Plaintiff agreed to submit any claims to arbitration pursuant to a voluntary binding arbitration agreement. (*Id*. at 1.) In 2019, Sage adopted an arbitration policy that required employees to arbitrate any employment-related disputes, unless the employees actively opted out of the policy. (*Id.* at 2.) Employees were given information and instructions as to how to opt out of arbitration on at least three different occasions. (*Id*. at 2, 3.) Because Plaintiff did not request or submit a "Mutual Arbitration Opt-Out Form," Defendant asserts Plaintiff is subject to the arbitration policy. (*Id*. at 4.)

## II. STANDARD

Under the Federal Arbitration Act ("FAA"), arbitration agreements are presumptively valid and enforceable. *See* 9 U.S.C. § 2. So "courts must rigorously enforce arbitration agreements according to their terms.". *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013). Upon the motion of any party to a valid arbitration agreement, courts must stay or dismiss litigation of all claims that fall within the agreement's scope and compel arbitration according to the agreement's terms. *See* 9 U.S.C. §§ 3–4. However, if the Court finds no arbitration agreement exists, the Court "cannot compel parties to settle their dispute in an arbitral forum." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).

## III. DISCUSSION

### A. Motion to Compel Arbitration

Under the FAA, there is a federal "policy favoring arbitration." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022). However, "[t]he federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (citation omitted). A party has the right to arbitrate where (1) there is a valid arbitration agreement between the parties; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived. *Sims v. Clarendon Nat. Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004).

Defendant moves to compel Plaintiff to arbitrate. Plaintiff does not dispute that she entered into a valid agreement to arbitrate employment disputes. (*See* Doc. 15.) Nor does Plaintiff contend that the dispute at issue falls outside the scope of the agreement. (*Id.*) Rather, Plaintiff contends only that Defendant waived its right to compel arbitration by substantially participating in litigation. (*Id.* at 1.) Thus, the undersigned will not address the validity or scope of the arbitration clause at issue, but instead, only whether Defendant waived its rights under that agreement by allegedly litigating this matter.

Waiver may be explicit with specific stated intent, or it may be implied through conduct that "must make out a clear case." *Air Prod. & Chem., Inc. v. La. Land & Exploration Co.*, 867 F.2d 1376, 1379 (11th Cir. 1989). The 2022 Supreme Court decision of *Morgan* disaffirmed much of the Eleventh Circuit's prior precedent on waiver of arbitration agreements. 142 S. Ct. at 1713–14 (abrogating *S & H Contractors,*

*Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). Previously, waiver occurred only when "under the totality of circumstances, the party ha[d] acted inconsistently with the arbitration right," and the party's conduct "ha[d] in some way prejudiced the other party." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (2018).

In *Morgan*, the Supreme Court struck the prejudice requirement, finding that it is not a condition of waiver. 142 S. Ct. at 1714. Thus, in light of this ruling, waiver "'is the intentional relinquishment or abandonment of a known right,'" the analysis of which "focuses on the actions of the person who held the right." *Id.* at 1713 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Given the national emphasis favoring arbitration, courts may only "place [arbitration] agreements upon the same footing as other contracts," including with regard to waiver. *Id.* (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 302 (2010)). Therefore, the Court will examine how federal courts in this circuit analyze waiver for other contractual rights.

Under Florida law, "[a] party's contract right may be waived by actively participating in a lawsuit or taking action inconsistent with that right." *Klosters Redari A/S v. Arison Shipping Co.*, 280 So. 2d 678, 681 (Fla. 1973). Courts in this circuit typically apply the state law standard to waiver of different contractual rights. *Argonaut Ins. Co. v. Collage Design & Constr. Grp., Inc.*, 6:22-cv-1055-DAB, 2022 WL 4485962, at 3* (M.D. Fla. Sept. 12, 2022) (applying state law to waiver of arbitration); *Powell v. Vroom, Inc.*, No. 2:22-cv-302-RDP, 2022 WL 4096872, at 4* (N.D. Ala. Sept. 7, 2022)

(same.)

Under Florida state law, it is well-settled that "filing an answer to a pleading seeking affirmative relief without raising the right to arbitration" constitutes participation sufficient to constitute waiver. *Green Tree Servicing, LLC v. McLeod*, 15 So. 3d 682, 687 (Fla. 2d DCA 2009); *Price v. Fax Recovery Sys., Inc.*, 49 So. 3d 835, 837 (Fla. 4th DCA 2010). Therefore, under Florida law, Defendant acted inconsistently with its purported right to arbitrate. On February 10, 2022, Defendant filed its Answer and Affirmative Defenses, asserting twenty-seven defenses and demanding a jury trial. (Doc. 10.) Yet none of Defendant's affirmative defenses assert that Plaintiff's claims were subject to arbitration. Further, Defendant only sought to vindicate its purported right to arbitrate after participating in this litigation for approximately seven months. Accordingly, I respectfully recommend that the Court find Defendant waived its right to arbitration and deny the Motion.

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that Defendant's Motion to Compel Arbitration and to Dismiss (Doc. 14) be **DENIED**.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 28, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE